# MOQUIN & DALEY
ATTORNEYS AT LAW
388 COMMONWEALTH AVENUE
BOSTON, MASSACHUSETTS 02215

EDMUND P. DALEY
RICHARD C. MOQUIN*
THOMAS W. BRAUN
TERRENCE J. DALEY
BENJAMIN R. HILLER
THEODORE R. WHITTENBURG
JOANNE C. LOCKE
EDWARD H. MOQUIN*
ELIZABETH R. JONES*
EUGENE D. LOO*
JONI N. ESPERIAN
MARGARET PRESCOTT*

TEL 617-536-0606
FAX 617-421-9153
MA 800-457-1006

JOHN A. DURKIN
OF COUNSEL

*NH ONLY

August 31, 2004

Karen Huntoon
Hampden Housing Court
Western Division
37 Elm Street, Springfield, MA 01103

RE:  Heredia v. Spears et al
     C.A. No. 02CV0001

Dear Ms. Huntoon,

Enclosed, please find Plaintiff's Interrogatories to Defendant, Rosemary Charnley and Plaintiff's Requests for Production of Documents to Defendant, Rosemary Charnley.

Thank you for your attention to this matter.

Very Truly Yours,

Courtney E. Sarro
Paralegal to Benjamin Hiller

CC:  Michael Moriarty, Esq.
     Samuel Furgang, Esq.

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| HAMPDEN, SS. | HOUSING COURT DEPARTMENT<br>CIVIL ACTION NO. 02-CV-0001 |

NEISHA MARIE CINTRON and )
LUZMAYRA HEREDIA, ppa )
OLGA HEREDIA )
Plaintiffs )
)
)
V. )
)
)
MAURICE SPEAR, LINDA SPEAR and )
ROSEMARY CHARNLEY, Individually )
and as Trustee of BJS NOMINEE TRUST )
Defendants

## PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT, ROSEMARY CHARNLEY

### INSTRUCTIONS

The plaintiffs request that the defendant, Rosemary Charnley, answer the following interrogatories fully, in writing, and under oath, pursuant to Mass.R.Civ.P. 33, by filing and serving answers to them on plaintiffs' attorney, Benjamin Hiller, Moquin & Daley, 388 Commonwealth Avenue, Boston, Massachusetts 02215.

1.   In answering each of the following interrogatories, please make such inquiry of your principals, agents, servants, employees, attorneys and such other representatives and examine all bills, letters, files, and any other documents or writings which in any way refer to the events purported to have taken place as will enable you to make complete and true answers to these interrogatories.

2.   In answering each of the following interrogatories, please:

   a)   Identify any document relied upon, or which forms a basis for, the answer given, by date, sender, recipient, location, and custodian;
   b)   State whether the information furnished is within the personal knowledge of the person answering and, if not, give the name of each person to whom the information is a matter of personal knowledge; and
   c)   Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to, or relied upon in preparing answers to, each of the following interrogatories by supplying the name and address of each such person.

3.   For the purposes of these interrogatories, the following definitions apply:

     a)    The term "document" as used herein refers to written, typewritten, prompted, photocopied, drawn, graphic, pictorial, photographic, tape-recorded, videotape-recorded, filmed, microfilmed, microfiched and computerized materials of every type and description, signed or unsigned, including but not limited to: writings, drawings, graphs, charts, photographs, electrical or mechanical recording of every type and description, data compilations (translated, if necessary, by the respondent through dictation devices into reasonably usable form), contracts, agreements, leases, correspondence, memoranda, reports, notes, requests, bills, orders, receipts, notices, financial statements, permits, writs, declarations, complaints, answers and other court pleadings, schedules, checklists, tabulations, checks, diaries, journals, ledgers, records, minutes of meetings, notations of meetings or telephone conversations, telegrams, diagrams, films, newspaper clippings, and all other writings and recordings of whatever nature, whether signed or unsigned, transcribed or not, and whether or not any privilege is asserted. If note than one copy of a document is in existence, and any copies bear notations (whether handwritten or otherwise made) that do not appear on all copies, each such copy with notations shall be identified separately and the substance of the notations given in addition to the substantive content of the document.

     b)    The term "defendant" as used herein includes defendant Rosemary Charnley and her principals, agents, attorneys, counsel, employees, servants, officers, trustees, partners, or other persons acting for, on behalf of, or under the direction of the defendant. Any reference to actions taken by the defendant shall also include those actions taken by any other entity which has, before or after those actions, become a division or agent of, been created by, or merged with the defendant either directly or indirectly.

     c)    The term "tenancy" as used herein refers to the plaintiff's family's tenancy and/or occupancy of the premises at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts.

     d)    The terms "premises" or "subject premises" as used herein refers to the premises at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts.

     e)    "Identify" when used with respect to a conversation or oral statement means that the following information shall be furnished:

        1.    Names of all persons participating in the conversation or making the statement;
        2.    Names of all other persons present at the time that the conversation or oral statement was made;
        3.    Date that the conversation or oral statement was made;
        4.    Place where the conversation or oral statement was made;
        5.    The substance of the conversation or oral statement.

f) "Identify" when used with respect to a document means that the following information shall be furnished:

1. Its author;
2. Its date or, if undated, the date written or prepared;
3. Each person to whom copies were sent or delivered;
4. Its substantive content;
5. Its present location and custodian or person who has possession or control over the document, if the document is not within the possession or control of the company. If the attorney-client or attorney work-product privilege is claimed with respect to any document identified in responding to these interrogatories, the nature of the privilege claimed and the reason for claiming the privilege shall be furnished in lieu of the information called for in subparagraph 4.

Whenever identification of documents is called for in these interrogatories, copies of documents may be furnished in lieu of identification <u>to the extent that the information called for is provided in the document</u>.

g. Whenever a person is identified in response to these interrogatories, the following information shall be furnished in addition to his/her name:

1. Business address;
2. Residential address;
3. Present place of employment and title or job description;
4. Place of employment and title of job description at the time to which the interrogatories are directed, if different from present place of employment and job description.

h. When these interrogatories request that documents be attached, this shall be treated as a request for production pursuant to Mass.R.Civ.P. 34.

## INTERROGATORIES

1. Please identify the person answering these interrogatories, by stating said person's name, any aliases used, home and business addresses, daytime telephone number, date of birth, occupation, employer's name, and dates of employment with that employer.

2. Please describe fully the role of defendant Rosemary Charnley with regard to the premises including but not limited to the date said defendant first had any responsibility with regard to the premises, the exact nature of said defendant' responsibilities for the premises, the date(s) and nature of any changes in those responsibilities, and any written contracts, memoranda, or other documents which establish or describe any such responsibilities and/or said defendant' role with regard to the premises.

3

3. If defendant Rosemary Charnley contend that at any time since June 1995 the subject premises was operated, maintained and/or under the control of anyone other than said defendant, please identify fully said person, agency or entity by stating its full name, address and relationship, if any to said defendant.

4. Please describe fully the written lease and/or oral terms of plaintiffs' family's tenancy in the premises at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts (hereinafter referred to as "the premises"), including in your answer the date of commencement of plaintiffs' tenancy; the owner(s) of the premises throughout said tenancy, including name, address and date(s) of ownership for each owner; and the person(s) or entity(ies) responsible for managing and/or maintaining and/or repairing and/or collecting rent in the premises.

5. Please state fully the circumstances surrounding the rental of the premises by the plaintiffs' family, including in your answer the names and addresses of the person or persons who rented the premises to the plaintiffs' family, the authority of that person or persons or by defendant Rosemary Charnley, and any representations made by that person or persons or by said defendant regarding the presence or possible presence of lead or lead paint on the premises.

6. Did you, or anyone authorized by you, conduct any investigations of the premises, prior to the date that you purchased the premises and/or prior to the date that the plaintiffs' family first occupied said premises, for the purpose of determining whether any violation(s) of the State Sanitary Code existed in the premises at that time, including but not limited to a determination of whether any lead paint or other lead-based materials existed in said premises at that time?

7. If your answer to Interrogatory No. 6 above is yes, please state who performed each said inspection and the date and time of each said inspection. For each and every violation of the State Sanitary Code revealed by each said inspection, please identify the person performing any work to correct each said violation and the date, cost and extent of said work, and identify and produce any documents concerning or relating to such work.

8. What steps, if any, did you take prior to the occupancy of the premises by the plaintiffs' family to determine whether the premises contained illegally high levels of lead in the paint, plaster, or other accessible material in the premises rented to the plaintiffs?

9. Please state how and when you first became aware of the existence of lead paint or other lead-based materials in the premises, and if you determined that such levels of lead were present, describe each and every step you took, or caused to be taken, to remove said lead, including in your answer the person or persons who removed the lead, the date or dates on which said removal was done, the cost of said removal, a specific description of the process by which the lead removal was undertaken, and where the plaintiffs were located during the period in which said lead removal and any post-removal clean-up were undertaken.

10. Please state fully the circumstances surrounding any repairs, changes or improvements you have made to the premises since the date of purchase, including in your answer the nature of each repair, change or improvement was made, the date(s) each such repair,

4

change or improvement was made, the person(s) who made each such repair, change or improvement (including the name and address of each such person and the name and address of the company, corporation, partnership, or other entity for whom they worked, if any), and identify the manner in which you received notice, if any, of the necessity or advisability of each such repair, change or improvement and produce such documents as relate to each said notice.

      11.     From the date you purchased the premises until the present date, please describe fully each and every inspection, repair, change or improvement which you undertook or caused to be undertaken in the subject apartment or the common areas of the building in which the plaintiffs resided, identify as per the instructions for Interrogatory No. 10 above, and identify any and all documents, reports, notes, or other descriptions of the premises, (including but not limited to all violations of the State Sanitary Code) relating to each such inspection, repair, change or improvement so identified or described.

      12.     Please state whether you or any of your agents, servants, or employees have ever been notified, in writing or orally, by any board of health or any other board, agency, authority, or other entity having as its objective the regulation of residential premises, as to the presence of lead in:

      a)     The plaintiffs' apartment before, during, or after they resided there;
      b)     The common areas or grounds of the subject premises; or
      c)     Any other tenant's apartment in the subject premises.

      13.     Please state whether you or any of your agents, servants, or employees have ever been notified, in writing or orally by any board of health or any other board, agency, authority, or other entity having as its objective the regulation of residential premises, of any condition other than the presence of lead in:

      a)     The plaintiff's apartment before, during, or after they resided there;
      b)     The common areas or grounds of the subject premises; or
      c)     Any other tenant's apartment in the subject premises.

      14.     Please state whether you or any of your agents, servants, or employees have ever been notified, in writing or orally, by any present or former tenant or by any other person or entity of the presence of lead in:

      a)     The plaintiffs' apartment before, during, or after they resided there;
      b)     The common areas or grounds of the subject premises; or
      c)     Any other tenant's apartment in the subject premises.

      15.     Please state whether you or any of your agents, servants, or employees have ever been notified, in writing or orally, by any condition other than the presence of lead that constitutes a violation of any code applicable to residential housing in:

      a)     The plaintiffs' apartment before, during, or after they resided there;
      b)     The common areas or grounds of the subject premises; or

c)  Any other tenant's apartment in the subject premises.

16. If your answer to any of Interrogatories Nos. 12, 13, 14, or 15 above is yes, please state for each such notice:

a)  The date(s) on which you received the notice(s);
b)  The precise nature and extent of the conditions or problems described in the notice;
c)  The name(s) of the person(s) who made or requested the inspection;
d)  What repairs, if any, were made to remedy the condition, problem, or violation, and who made such repairs;
e)  The date(s) on which each repair was made and all repairs were completed to remedy each condition described in (b) above;
f)  The name and address of the person(s) who made each repair or from whom materials were purchased, and the name and address of the company, corporation, partnership, or any other entity for whom they worked, if any;
g)  The costs and approximate amount of time entailed in making each such repair and the cost of any materials and supplies required to make such repairs;
h)  Whether any criminal complaint or proceeding was initiated relating to the conditions described in the notice and, if so, the court, the dates, and the disposition of each court appearance with respect to such criminal complaints. Identify and produce each such court docket number and complaint.

17. Please list all previous or current insurance policies which would or might cover, directly or indirectly, any or all of the claims made by the plaintiff herein should the plaintiffs prevail on one or more of their claims in this action. For each such policy please identify:

a)  The policy number;
b)  The name and address of the carrier;
c)  The extent of said coverage;
d)  The amount of deductible, if any;
e)  The date such policy took effect and the date of expiration;
f)  Any exemptions or defenses contained in those policies which the defendant or the insurance company claims is applicable to this case.

18. Please list each and every piece of residential rental property in which defendant Rosemary Charnley have or had any personal, beneficial, equitable or other interest (whether in said defendant' name or through any corporation, trust, d/b/a, partnership, or other entity in which said defendant have any personal, beneficial, equitable or other interest), including the address thereof, the extent of ownership, and the nature of the relationship between you and any other co-owners.

6

19. Please describe fully the addresses of all other residential rental properties which defendant Rosemary Charnley have managed or have otherwise been in any way responsible for maintaining or repairing or for which said defendant have collected rents.

20. With regard to the properties identified in response to question 18 and 19, did the defendant receive any notice, in writing or orally from any other entity having as its objective the regulation of residential premises arising from the presence of lead on the subject premises.

21. If your answer to Interrogatory No. 20 is yes, please state for each such notice:

a) The dates on which you received the notice(s) and the contents of each such notice, including the name and address of the party sending it.
b) The precise nature and extent of the conditions or problems described in the notice;
c) The name(s) of the person(s) who made or requested the inspection;
d) What repairs, if any, were made to remedy the condition, problem, or violation, and who made such repairs;
e) The dates on which each repair was made and all repairs were completed to remedy each condition described in (b) above;
f) The name and address of the person(s) who made each repair or from whom materials were purchased, and the name and address of the company, corporation, partnership, or any other entity for whom they worked, if any;
g) The costs and approximate amount of time entailed in making each such repair and the cost of any materials and supplies required to made such repairs;
h) Whether any criminal complaint or proceeding was initiated relating to the conditions described in the notice and, if so, the court, the dates, and the disposition of each court appearance with respect to such criminal complaints. Identify and produce each such court docket number and complaint.

22. Please identify completely all experts that defendant expect to call as witnesses at trial of this action, including in your answer:

a) The name, home and business addresses, daytime telephone number(s), occupation, and employer's name of each expert;
b) Each expert's academic and professional training and degrees, employment history, the names and titles held in any professional associations or groups of which the expert is a member, and the title and date of publication of any and all publications, including dissertations, book chapters, and journal articles, of which the person is any author; and
c) Each expert's field of expertise, academic and professional qualifications and any professional, academic or other affiliations.

23. For each such expert identified or named in your answer to the above interrogatory, please state:

a) The subject matter on which each expert is expected to testify;

7

b)     The substance and a summary of the facts and opinions to which each expert is expected to testify;

c)     The grounds for any opinion the expert will provide including, but not limited to, records reviewed and examinations conducted by the expert and others, and the scientific or medical or other basis for any opinion the expert will provide including, but not limited to, supportive scholarly tests, journals, studies and the expert's clinical or research experience relating to lead poisoning, lead paint or lead poisoned children;

d)     The date, subject matter and location of each and every report prepared by the expert in connection with this case; and

e)     The conclusions contained in each such report prepared and the grounds for such conclusions.

24.     Please identify any and all persons of whom the defendant are aware, who may have knowledge of any facts relevant to the subject matter of this action, including in your answer said person's name, any aliases used, home and business addresses and telephone numbers, age, occupation, employer's name and address, and relationship to said defendant, and further state whether such person will be a witness at the trial of this action.

25.     Please identify all tenants, residents and/or occupants (other than the plaintiff) of any apartment located in the premises at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts, who occupied said premises during the period of time that the plaintiffs' family lived on the premises or for any period of time up to two years prior to the time that the plaintiffs' family first came to live on the premises, including in your answer the names of all such people, their current address, and the names and ages of any children who lived on the premises during the above defined period of time.

Respectfully Submitted,
The Plaintiffs,
By Their Attorney,

_____
Benjamin Hiller
BBO #234660
Moquin & Daley
388 Commonwealth Avenue
Boston, MA 02215
(617) 536-0606

8

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| HAMPDEN, SS. | HOUSING COURT DEPARTMENT<br>CIVIL ACTION NO. 02-CV-0001 |

NEISHA MARIE CINTRON and )
LUZMAYRA HEREDIA, ppa )
OLGA HEREDIA )
Plaintiffs )
)
)
V. )
)
ROSEMARY CHARNLEY, LINDA SPEAR and )
ROSEMARY CHARNLEY, Individually )
and as Trustee of BJS NOMINEE TRUST )
Defendants

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO THE DEFENDANT, ROSEMARY CHARNLEY

The plaintiffs in the above captioned matter, pursuant to Mass.R.Civ.P.34, request that defendant, Rosemary Charnley, herein produce and permit plaintiffs to inspect, copy, and/or photograph all documents, photographs, or any other physical evidence in the possession, custody, or control of defendant (or of any agents, servants, employees or representatives of the defendant), which embody, refer to, or relate in any way to the matters listed below. Items are requested to be produced at the office of the attorney for the plaintiffs, Benjamin Hiller, MOQUIN & DALEY, 388 Commonwealth Avenue, Boston, Massachusetts 02215, within thirty (30) days hereof. Alternatively, compliance may be accomplished by delivering to the same office, fully legible, complete copies of each and every item to be produced.

This demand includes all after acquired items of the type made reference to in the request. Defendant, Rosemary Charnley, is therefore requested to update the production of documents by forwarding copies to the plaintiffs or putting the plaintiffs on notice as to any such newly acquired material.

### INSTRUCTIONS

1. If an item is responsive to more than one request, it need be produced only once, but for every such item the written response should identify the item, state all the requests to which it is responsive, and state the request under which it has been produced.

2. If it is claimed that any item responsive to any request is privileged, defendant shall, with respect to each such item:

   a) State the date of the item;

    b)      Identify each and every author of the item;
    c)      Identify each and every person who prepared or participated in the preparation of the item;
    d)      Identify each and every person who received the item;
    e)      Identify each and every person from whom the item was received;
    f)      State the present location of the item and all copies thereof;
    g)      Identify each and every person having custody, control or possession of the item and all copies thereof;
    h)      Provide sufficient further information concerning the item and the circumstances thereof to explain the claim of privilege to permit the adjudication of the propriety of that claim.

3.      Whenever they hereafter appear the following words and phrases have the following meanings:

A.      DOCUMENT refers to written, typewritten, printed, photocopied, drawn, graphic, pictorial, photographic, tape-recorded, videotaped-recorded, filmed, microfiched and computerized materials of every type and description, signed or unsigned, which are in the possession, custody or control of, or available to defendant or said defendant's agents, servants, employees, attorneys or insurance companies, including but not limited to:

(1)      blueprints, plans, sketches, diagrams, drawings, maps, charts, graphs and models, including preliminary drafts of the foregoing;
(2)      books, logs, diaries, journals, ledgers, notebooks, records and reports, including preliminary drafts of the foregoing;
(3)      leases, deeds, contracts, options, agreements, purchase and sale agreements, powers of attorney;
(4)      notes, minutes of meetings, memoranda, letters, summaries, written statements, correspondence, telegrams, and notations and records of telephone calls and conversations, including preliminary drafts of any of the foregoing;
(5)      photographs, films, microfiche, microfilms, tapes, videotapes and recordings, including outtakes of any of the foregoing;
(6)      financial records, payroll records, purchase orders, invoices, estimates, confirmations, contracts, agreements, leases, sales slips, receipts, bills and canceled checks;
(7)      checklists, records, reports, orders, permits, and notices; and
(8)      legal papers, court pleadings, and official or government documents, communications, notices, permits, records, reports or orders.

B.      STATEMENT means:

(1)      any writing, signed or unsigned, and in any way adopted or approved by the person making it; and
(2)      a stenographic, mechanical, electrical or other recording, or a transcription

thereof, which is substantially verbatim recital of any oral statement by the person making it and contemporaneously recorded.

C.  YOU or DEFENDANT refers to defendant, Rosemary Charnley and any and all agents, employees, servants, attorneys, or other persons acting under the control or direction or on behalf of the defendant.

D.  SUBJECT PREMISES refers to the property at 183 Suffolk Street, Holyoke, Massachusetts.

E.  TENANCY refers to the plaintiffs' tenancy and/or occupancy in the subject premises.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1
All <u>complete</u> previous or current liability, catastrophe, umbrella and any other insurance policies held by the defendant or any other person or entity which would or might cover, directly or indirectly, any of the claims made by the plaintiffs in this action.

### REQUEST NO. 2
All applications for insurance, correspondence with insurance agents, agencies or companies, and any other documents or writing reflecting any attempts by the defendant to obtain insurance for the subject premises.

### REQUEST NO. 3
All applications, notices, proofs of loss, reports, statements, letters or correspondence sent or submitted by the defendant to any of the facts or claims contained in the complaint in this case.

### REQUEST NO. 4
All correspondence, notes, memoranda, documents, statements, or any other writings sent to or received from any insurance company whose policy might cover the defendant for any of the claims made by the plaintiffs, including but not limited to documents concerning any reservation of rights, any disputes about coverage for the defendant and/or any witness statements.

### REQUEST NO. 5
All documents, statements, rental agreements, leases, rental applications, rent receipts, contracts or other writings concerning or relating to any aspect of the plaintiffs' tenancy or occupancy of the subject premises.

### REQUEST NO. 6
All documents, statements, reports, test results, inspection reports, complaints, notices, orders, correspondence or any other writings concerning, relating to, or arising from the presence or removal of lead on the subject premises including, but not limited to, any documents or other

3

writings which the defendant sent or otherwise provided to, or received from, any board of health or any other government or public board, agency, department, authority or entity.

REQUEST NO. 7
All other documents, statements, correspondence, complaints or any other writings which the defendant sent or otherwise provided to, or received from the plaintiffs, or any present or former tenant, or to or from any other person or entity concerning, relating to, or arising from the presence or removal of lead on the subject premises.

REQUEST NO. 8
All documents, statements, reports, test results, inspection reports, complaints, notices, correspondence or any other writings concerning, relating to, or arising from any condition other than lead in the subject premises, which the defendant sent or otherwise provided to or received from, any agency, department, authority, or entity.

REQUEST NO. 9
All documents, statements, correspondence or any other writings which the defendant sent or otherwise provided to, or received from, the plaintiffs or any other person (including present or former tenants), agency, government body or entity concerning any aspect of, or in any way relating to, the subject premises or the plaintiffs' tenancy or occupancy, including but not limited to, termination of the tenancy, the condition of the subject premises, the health or safety of tenants or occupants, or repairs to or improvements in the subject premises.

REQUEST NO. 10
All documents, declarations of trust, trusts, options to purchase, agreements, leases, deeds, contracts or any other writings related to the defendant' purchase, ownership or management of the subject premises.

REQUEST NO. 11
All business records, notes, statements or other written entries or documentation which arise from or reflect any oral notice to the defendant of the presence of lead in the subject premises from any person, agency or entity.

REQUEST NO. 12
All documents, statements, business entries or any other writings relating to any visit by the defendant or any of said defendant' agents, employees, servants, or other persons acting under said defendant' control or direction or on said defendant' behalf to the subject premises during the time that the plaintiffs occupied said premises, including but not limited to documents or statements relating to the date(s) of any visits, the purpose of such visits, and what occurred or was done during each such visit.

REQUEST NO. 13
All documents, statements, business records or any other writings reflecting, arising from, or otherwise relating to any contact between the plaintiff(s) and the defendant(s) concerning any aspect of, or in any way relating to, the subject premises or the plaintiffs' occupancy therein,

4

including but not limited to documents or statements relating to the dates of any such contacts and the names and description of any persons who were involved in or were witnesses to each such contact.

REQUEST NO. 14
All documents, statements, or other records of rent or use and occupancy fees paid by the plaintiffs' family to the defendant for the subject premises, including but not limited to rent receipts, books, statements of account, and any other business records.

REQUEST NO. 15
All documents, statements, or any other writings, including any estimates, bills or receipts, concerning, relating to or arising from any deleading or any other work relating to the presence of lead, which was done in, on or to the subject premises, or any efforts to secure workers to perform such work, while said premises were under the ownership and/or management of the defendant, including but not limited to such works as:

a) any repairs, improvements, additions, changes, deleading or lead abatement;
b) any work which was ordered or required by any board of health or any other government or public board, agency, department, authority or entity; and
c) any painting, repainting, replacement of windows, siding, doors or other wooden structures or parts or any new construction.

REQUEST NO. 16
All documents, statements or any other writings, including any estimates, bills or receipts, concerning, relating to, or arising from any work done in, on or to the subject premises relating to any condition other than lead, or any efforts to secure workers to perform such work, while said premises were under the ownership and/or management of the defendant, including but not limited to such work as:

a) any repairs, improvements, additions or changes;
b) any work which was ordered or required by any board of health or any other government or public board, agency, department, authority or entity; and
c) any other work done or planned in, on or to the subject premises concerning, relating to, or involving the health, safety or welfare of the tenants or occupants thereof.

REQUEST NO. 17
All documents, statements agreements, contracts or any other writings between the defendant, and any of the defendant' agents, employees, servants, contractors, or any other persons acting under the defendant' control or direction or on the defendant' behalf, relating to the status or progress of any work done in, on or to the subject premises, or of any efforts to secure workers to perform such work as would be covered by Requests 15 and 16 above.

5

REQUEST NO. 18
All documents, statements or any other writings, including any written contracts, agreements, understandings, pay records or other records of enumeration, or any powers of attorney concerning, relating to, or arising from any arrangements with regard to the management and/or control of the subject premises by the defendant or by any other person or entity, which would cover the period of time that the plaintiffs occupied the subject premises.

REQUEST NO. 19
All books, charts, diagrams, drawings, maps, photographs, sketches, graphs, tables or other items or things in the possession, custody or control of the defendant which relate to any aspect of, or are in any way connected to, the subject premises or the occupancy thereof.

REQUEST NO. 20
All documents, statements, deeds, options, purchase and sale agreements or any other writings concerning, relating to, or arising from any sale, conveyance or transfer of the subject premises from the defendant to any other person, business, agency, trust or other entity.

REQUEST NO. 21
All documents, statements, deeds, contracts, agreements, declarations of trust or any other writings concerning or relating to the ownership of any residential rental property in which the defendant had any personal, beneficial, equitable or other interest.

REQUEST NO. 22
All documents, statements, contracts, agreements, instruments, or any other writings describing any interest of any sort which the defendant had in any corporation, trust, d/b/a, partnership or other entity which engaged in any business or work concerning or relating to residential rental real estate, lead paint, lead poisoning, deleading or lead abatement or removal.

REQUEST NO. 23
All documents, statements, deeds, contracts, agreements or any other writings concerning, relating to, or arising from the ownership or management of any residential rental property in which any entity described in paragraph 22 above had a beneficial, equitable, or other interest.

REQUEST NO. 24
All documents, statements or any other writings, including any contracts, agreements, understandings, pay records of remuneration, or any powers of attorney concerning, relating to, or arising from the management of or control by the defendant of any residential rental properties, other than the subject premises, regardless of whether the defendant had any ownership interest therein.

REQUEST NO. 25
All documents, statements, reports, test results, inspection reports, complaints, notices, orders, correspondence or any other writings made, received by or sent to the defendant which concern, relate to, or arisen from the presence or removal of lead, and including, but not limited to, any

6

documents or other writings received, sent or otherwise provided to the defendant from any board of health or any other government or public board, agency, department, authority or entity, in:

   a)   any premises described in paragraph 21;
   b)   any premises described in paragraph 23; and
   c)   any premises described in paragraph 24.

REQUEST NO. 26
All documents, statements, correspondence, complaints or any other writings which the defendant sent or otherwise provided to, or received from, any person or entity concerning, relating to, or arising from the presence or removal of lead in:

   a)   any premises described in paragraph 21;
   b)   any premises described in paragraph 23; and
   c)   any premises described in paragraph 24.

REQUEST NO. 27
All documents, statements, or any other writings in the possession, custody or control of the defendant, produced by any witnesses (including the plaintiffs) to the events alleged in the plaintiffs' complaint, or produced by any persons who have direct knowledge of said events.

REQUEST NO. 28
All documents, statements, reports, correspondence or any other writings in the possession, custody or control of the defendant which were filled out, drafted or produced by any expert or experts concerning the events, injuries or damages alleged in the complaint in this case.

REQUEST NO. 29
All pleadings filed by all parties in every other lawsuit which concerns, relates to, or arises out of the alleged events which give rise to the case at bar.

REQUEST NO. 30
All documents, statements, investigative reports, correspondence, orders or any other writings which relate to, concern or arise from the events, damages or injuries alleged in the complaint in this case and which were prepared by any government or public agency, department, bureau, commission, authority or other entity, including but not limited to police, building inspectors, and/or health inspectors' reports, which are in the possession, custody or control of the defendant.

REQUEST NO. 31
All documents, statements, reports or any other writings pertaining to or arising from any investigation of the events, injuries or damages alleged in the complaint in this case, by the defendant, or by any of the defendant's agents, servants, employees or other representatives.

REQUEST NO. 32
All documents, statements, reports, or any other writings which in any way concern or relate to

any of the events, occurrences, allegations, injuries or damages alleged in the complaint in this case, sent, delivered or passed between the defendant, or any of the defendant' agents, servants, or employees, and:

- a) these plaintiffs or the plaintiffs' agents, servants, or employees (including attorneys);
- b) any insurance company or companies that provides or might provide insurance coverage to the defendant for any of the claims alleged in the complaint in this case, including all agents, servants and employees of said insurance company or companies;
- c) any government or public agency, department, bureau, authority, commission or other entity; and
- d) any other party to this action or the agents, servants or employees of any other party to this action.

REQUEST NO. 33
All documents relating to any civil or criminal claims brought against the defendant by any person, agency or entity concerning, relating to, or arising from the presence or removal of lead in any property in which the defendant had any ownership or management interest.

REQUEST NO. 34
The complete curriculum vitae for each and every expert either retained or consulted by the defendant, or expected to be called by the defendant to testify at the trial of this case.

REQUEST NO. 35
All documents, statements, reports, correspondence or any other writings obtained from any expert retained or consulted by the defendant, or expected to be called by the defendant to testify at the trial of this case.

REQUEST NO. 36
All documents, statements, articles, treatises, books, charts, diagrams, drawings, maps, photographs, sketches, graphs, tables, other writings and other items or things or any physical evidence which the defendant intend to offer as chalks, exhibits or evidence at the trial of this case.

REQUEST NO. 37
Copies of all court or probation records which refer to or arise from any criminal proceedings in which the defendant were involved, charged or convicted during the five years prior to the events alleged in the complaint in this case up to and including the present.

REQUEST NO. 38
All standards, periodicals, articles, books, pamphlets, monographs, treatises, regulations, statutes or any other writings upon which the defendant rely or intend to rely, cite or introduce at the trial of this case.

REQUEST NO. 39
All signed or unsigned statements made by the defendant which are in the possession, custody or control of the defendant, and which relate directly or indirectly to any subject which is the basis of the complaint in this case.

REQUEST NO. 40
All records, memoranda, notations, statements, copies of summaries, records of personal or telephone conversations or any other documents relating to the presence or removal of lead in the subject premises or to the alleged injuries or damages suffered by the plaintiff, which the defendant, their agents, servants, employees or attorneys obtained from or as a result of interviewing any witnesses whomsoever purporting to have knowledge of the above.

REQUEST NO. 41
All written or other documentary evidence which the defendant claim tend to exonerate, exculpate or reduce the liability of the defendant.

REQUEST NO. 42
All written or other documentary evidence which the defendant claim show that the conduct, by act or omission, of some third person or persons, caused or contributed to the happening of the events, occurrences, damages or injuries alleged in the complaint in this case.

REQUEST NO. 43
All documents, statements, articles, treatises, books, charts, diagrams, drawings, maps, photographs, sketches, graphs, tables, other writings and other items or things or any physical evidence which the defendant intends to offer as chalks, exhibits, or evidence at the trial of this matter.

REQUEST NO. 44
All standards, periodicals, articles, books, pamphlets, monographs, treatises, regulations, statutes or any other writings upon which the defendant relies or intends to rely, cite or introduce at the trial of this matter.

Respectfully Submitted,
The Plaintiffs,
By Their Attorney,

Benjamin Hiller
BBO# 234660
Moquin & Daley
388 Commonwealth Avenue
Boston, MA 02215
(617) 536-0606