SCANNED
DATE 9/16/04
BY: [signature]

COMMONWEALTH OF MASSACHUSETTS
HANPDEN, SS.                                    HOUSING COURT DEPARTMENT
                                                CIVIL ACTION NO. 02-CV-0001

04 12002 NMG

RGS

---

NEISHA MARIE CINTRON and
LUZMAYRA HEREDIA, ppa
OLGA HEREDIA,
            Plaintiffs
v.
MAURICE SPEAR, LINDA SPEAR and
ROSEMARY CHARNLEY, Individually and
As Trustee of BJS Nominee Trust,
            Defendants

---

### ANSWER OF DEFENDANT, ROSEMARY CHARNLEY

The first paragraph of the amended complaint, which is not numbered, is introductory in nature and no answer to same is required of this defendant. To the extent that this paragraph alleges, infers or intimates that the defendant, Rosemary Charnley is or may be liable to any of the plaintiffs for any injuries or damages, including but not limited to alleged lead poisoning, the defendant expressly denies any such allegation, inference or intimation.

1.  The defendant is without information sufficient to admit or deny the allegations of paragraph 1 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

2.  The defendant is without information sufficient to admit or deny the allegations of paragraph 2 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

3.  The defendant is without information sufficient to admit or deny the allegations of paragraph 3 of the amended complaint and therefore demand that the plaintiffs sustain their burden of proof re same at the trial of this action.

4.  The defendant is without information sufficient to admit or deny the allegations of paragraph 4 of the amended complaint and therefore demands

        that the plaintiffs sustain their burden of proof re same at the trial of this action.

5. Denied.

6. The defendant is without information sufficient to admit or deny the allegations of paragraph 6 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

7. The defendant is without information sufficient to admit or deny the allegations of paragraph 7 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

8. The defendant is without information sufficient to admit or deny the allegations of pasragraph 8 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

9. Denied in the form stated.

10. The defendant is without informati0on sufficient to admit or deny the allegations of paragraph 10 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

11. Denied.

12. The defendant is without information sufficient to admit or deny the allegations of paragraph 12 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

13. Denied in the form stated.

14. The defendant is without information sufficient to admit or deny the allegations of paragraph 14 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

15. Denied.

16. The defendant is without information sufficient to admit or deny the allegations of paragraph 16 of the amended complaint and therefore demands

that the plaintiffs sustain their burden of proof re same at the trial of this action.

17. Denied in the form stated.

18. The defendant is without information sufficient to admit or deny the allegations of paragraph 18 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

19. Denied in the form stated.

20. The defendant is without information sufficient to admit or deny the allegations of paragraph 20 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

21. The defendant is without information sufficient to admit or deny the allegations of paragraph 21 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.

22. Denied.

23. Denied. .

24. The Defendant repeats and realleges her answers to paragraphs 1 through 23 of the amended complaint and incorporates same in answer to the "First Claim" in the amended complaint. The defendant denies any violation of duty as alleged in paragraph 24 of the amended complaint.

25. Denied.

26. Denied.

27. Denied.

28. The Defendant repeats and realleges her answers to paragraphs 1 through 27 of the amended complaint and incorporates same in answer to the "Second Claim" in the amended complaint. The defendant denies any violation of duty as alleged in paragraph 28 of the amended complaint.

29. Denied.

WHEREFORE, the defendant Rosemary Charnley, individually and as trustee demands that this Court enter judgment dismissing the plaintiffs complaint and award

the defendant costs of this action, including a reasonable attorneys fee and such other relief as the Court may deem just.

### FIRST AFFIRMATIVE DEFENSE

The Defendant denies that any dangerous condition existed on the premises as alleged.

### SECOND AFFIRMATIVE DEFENSE

The Defendant denies that the minor plaintiffs experienced any exposure to lead as a result of any condition on the premises.

### THIRD AFFIRMATIVE DEFENSE

If the minor plaintiffs experienced any exposure to dangerous levels of lead, which the Defendant denies, then said exposure resulted from sources, conditions and location for which the Defendant has no legal responsibility. Wherefore, the Plaintiffs may not recover in this action.

### FOURTH AFFIRMATIVE DEFENSE

If the minor plaintiffs experienced any exposure to dangerous levels of lead on the Defendant's premises, which the Defendant denies, the plaintiffs also experienced exposure from sources, conditions and location for which the Defendant has no legal responsibility, wherefore any recovery by the plaintiffs against the defendant must be reduced proportionally.

### FIFTH AFFIRMATIVE DEFENSE

If the minor plaintiffs experienced any exposure to dangerous levels of lead, which the Defendant denies, said exposure resulted solely from the negligence of Olga Heredia, wherefore the Plaintiffs may not recover in this action.

### SIXTH AFFIRMATIVE DEFENSE

If the minor plaintiff experienced any exposure to dangerous levels of lead, which the Defendant denies, said exposure resulted from the negligence of Olga Heredia, wherefore any recovery by the plaintiffs against the defendant must be reduced proportionally.

### SEVENTH AFIRMATIVE DEFENSE

.   This action was not commenced within the time prescribed by the applicable statutes of limitations, wherefore, the plaintiffs may not maintain this action..

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendants say that the Complaint fails to state a claim against the Defendants upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

.   And further answering, the Defendant says that after the time mentioned in the Plaintiff's Complaint and prior to the institution of this action, the Plaintiffs for valuable consideration, by an instrument in writing, released and discharged the Defendants from the cause of action declared on in the Complaint, and by reason of the said agreement the Defendants are released and discharged from the said clause of action.

### TENTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to make proper and adequate service of process upon the defendants, wherefore, this action must be dismissed.

### ELEVENTH AFFIRMATIVE DEFENSE

Prior to the commencement of the plaintiffs' alleged tenancy lead inspector duly licensed by the Commonwealth of Massachusetts had issued a letter of full compliance for the alleged property, wherefore, the plaintiffs may not maintain this action nor recover against this defendant.

### TWELFTH AFFIRMATIVE DEFENSE

The defendant Rosemary Charnely never had legal or actual possession title of control of the property as alleged in the amended complaint. Her name was improperly placed on certain documents without her knowledge or consent.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS AND CLAIMS.**

By her attorney,

John J. Regan
BBO #544720
Dolan & Regan
10 Chestnut Street .
Peabody, MA 01960
Tel: (978) 538-9500

## CERTIFICATE OF SERVICE

    I, John J. Regan, attorney for the defendant, Rosemary Charnely in the above-entitled civil action, hereby certify that on September 13, 2002, I served the within ANSWER TO THE AMENDED COMPLAINT on the plaintiffs by mailing a copy of same, postage prepaid, to her counsel-of-record, viz., Benjamin Hiller, Esq., Moquin & Daley, 388 Commonwealth Ave., Boston, MA.

                                                                   John J. Regan

```
TRANSMISSION VERIFICATION REPORT

                                        TIME  : 09/12/2004 04:24
                                        NAME  : DOLAN&REGAN
                                        FAX   : 17815985960
                                        TEL   : 17815950090
                                        SER.# : BROG2J552344


DATE,TIME              09/12 04:22
FAX NO./NAME           16174219153
DURATION               00:01:33
PAGE(S)                06
RESULT                 OK
MODE                   STANDARD
                       ECM
```

COMMONWEALTH OF MASSACHUSETTS
HANPDEN, SS.                           HOUSING COURT DEPARTMENT
                                       CIVIL ACTION NO. 02-CV-0001

NEISHA MARIE CINTRON and
LUZMAYRA HEREDIA, ppa
OLGA HNEREDIA,
            Plaintiffs
v.
MAURICE SPEAR, LINDA SPEAR and
ROSEMARY CHARNLEY, Individually and
As Trustee of BJS Nominee Trust,
            Defendants

### ANSWER OF DEFENDANT, ROSEMARY CHARNLEY

The first paragraph of the amended complaint, which is not numbered, is introductory in nature and no answer to same is required of this defendant. To the extent that this paragraph alleges, infers or intimates that the defendant, Rosemary Charnley is or may be liable to any of the plaintiffs for any injuries or damages, including but not limited to alleged lead poisoning, the defendant expressly denies any such allegation, inference or intimation.

1. The defendant is without information sufficient to admit or deny the allegations of paragraph 1 of the amended complaint and therefore demands that the plaintiffs sustain their burden of proof re same at the trial of this action.