UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEISHA MARIE CINTRON and        *
LUZMAYRA HEREDIA, ppa           *
OLGA HEREDIA,                   *
    Plaintiffs                  *   CIVIL ACTION
                                *   NO: 04 CV 12002 RGS
v.                              *
                                *
MAURICE SPEAR, LINDA SPEAR and  *
ROSEMARY CHARNLEY, Individually *
And as Trustee of BJS Nominee Trust, *
    Defendants                  *

## MOTION FOR REMAND

Pursuant to 28 U.S.C. § 1447, the plaintiffs hereby move that this case be remanded from the United States District Court back to the Commonwealth of Massachusetts Housing Court for Hampden County.

In support of this motion, the plaintiffs state that on September 15, 2004, counsel for the defendant Rosemary Charnley, improperly filed a Notice to Remove this action to Federal Court on the alleged grounds of diversity jurisdiction. However, this case does not meet the requisites of diversity jurisdiction for removal to the Federal Court. Pursuant to 28 U.S.C. § 1441 (b):

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

Emphasis added.

For two hundred years the diversity jurisdiction statute, 28 U.S.C. 1332, has been interpreted by the courts to require each plaintiff to be diverse from each defendant for there to be diversity jurisdiction in Federal Court. <u>Lee v. American Nat. Ins. Co.</u>, 260 F. 3rd 997 (9th Cir. 2001). <u>Strawbridge v. Curtis</u>, 7 U.S. (3 Cranch) 267 (1806).

Although the defendant, Rosemary Charnley, resides in Maine, both plaintiffs, as well as the defendants Maurice Spear and Linda Spear, reside in Massachusetts. (See, Complaint attached as Exhibit 1; Deposition of Maurice Spear, May 6, 2004, pp 6 and 7 attached as Exhibit 2). Thus, the removal was improper and this case should be remanded to the Hampden County Housing Court.

WHEREFORE, the plaintiffs respectfully request that the Honorable Court remand this case back to the Commonwealth of Massachusetts Hampden County Housing Court where it was originally properly filed.

### REQUEST FOR ORAL ARGUMENT

The plaintiffs request a hearing on this matter in the event the Court deems it necessary.

Respectfully submitted,
The plaintiffs
By their attorneys,

Benjamin Hiller
BBO # 234660
Theodore R. Whittenburg
BBO # 560135
Moquin & Daley
388 Commonwealth Avenue
Boston, MA 02215
(617) 536-0606

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 9/__/04

- 2 -

EXHIBIT 1 — ALL-STATE LEGAL SUPPLY CO.

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| HAMPDEN, SS. | HOUSING COURT DEPARTMENT |
| | CIVIL ACTION NO. 02-CV-0001 |
| NEISHA MARIE CINTRON and ) | |
| LUZMAYRA HEREDIA, ppa ) | |
| OLGA HEREDIA ) | |
| Plaintiffs ) | |
| ) | |
| V. ) | |
| ) | |
| MAURICE SPEAR, LINDA SPEAR and ) | |
| ROSEMARY CHARNLEY, Individually ) | |
| and as Trustee of BJS NOMINEE TRUST ) | |
| Defendants | |

## AMENDED COMPLAINT

INTRODUCTION

    This is an action to recover damages suffered by the minor plaintiffs, Neisha Cintron and Luzmayra Heredia, as a result of the lead poisoning he suffered while residing in property owned, managed, and/or controlled by the defendants.

PARTIES

    1.    The minor plaintiff, Neisha Cintron, date of birth August 29, 1990, currently resides in Springfield, Massachusetts.

    2.    The minor plaintiff, Luzmayra Heredia, date of birth May 27, 1994, currently resides in Springfield, Massachusetts.

    3.    Upon information and belief, the defendant, Maurice Spear, resides in Holyoke, Massachusetts.

    4.    Upon information and belief, the defendant, Linda Spear, resides in Holyoke, Massachusetts.

5. Upon information and belief, the defendant, Rosemary Charnley, individually and as Trustee of BJS Nominee Trust, resides in Holyoke, Massachusetts.

FACTS

6. The minor plaintiffs resided at 128 Beech Street, 1st floor, Holyoke, Massachusetts, from February 1994 through June 1995.

7. At all times relevant hereto, the defendants, Maurice Spear and Linda Spear, owned and/or managed the premises at 128 Beech Street, 1st floor, Holyoke, Massachusetts.

8. The minor plaintiffs resided at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts, from June 1995 through December 1998.

9. At all times relevant hereto, the defendants, Maurice Spear, Linda Spear and Rosemary Charnley, individually and as Trustee of BJS Nominee Trust, owned and/or managed 183 Suffolk Street, 1st floor, Holyoke, Massachusetts.

10. Prior to, at the inception of and throughout the plaintiffs' residency at 128 Beech Street, 1st floor, Holyoke, Massachusetts, the rented premises had a level of lead in the paint, plaster, and/or other accessible material on the interior and exterior surfaces that was hazardous to the health and well-being of its inhabitants. (Hereinafter references to "lead paint" are to be considered as including paint, plaster, putty and other materials containing lead in the subject apartment, common areas, and interior and exterior surfaces of the building referred to herein.)

11. Prior to, at the inception of and throughout the plaintiffs' residency at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts, the rented premises had a level of lead in the paint, plaster, and/or other accessible material on the interior and exterior surfaces that was hazardous to the health and well-being of its inhabitants. (Hereinafter references to "lead paint" are to be considered as including paint, plaster, putty and other materials containing lead in the subject apartment, common areas, and interior and exterior surfaces of the building referred to herein.)

3

12. Prior to, at the inception of and throughout the plaintiffs' residency at 128 Beech Street, 1st floor, Holyoke, Massachusetts, the defendants, Maurice Spear and Linda Spear, knew or had reason to know that children under six years of age are susceptible to irreparable injury from lead paint poisoning.

13. Prior to, at the inception of and throughout the plaintiffs' residency at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts, the defendants, Maurice Spear, Linda Spear and Rosemary Charnley, individually and as Trustee of BJS Nominee Trust, knew or had reason to know that children under six years of age are susceptible to irreparable injury from lead paint poisoning.

14. Prior to, at the inception of and throughout the plaintiffs' residency at 128 Beech Street, 1st floor, Holyoke, Massachusetts, the defendants, Maurice Spear and Linda Spear, knew or had reason to know that said premises contained levels of lead paint that were hazardous to the health and well being of the inhabitants.

15. Prior to, at the inception of and throughout the plaintiffs' residency at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts, the defendants, Maurice Spear, Linda Spear and Rosemary Charnley, individually and as Trustee of BJS Nominee Trust, knew or had reason to know that said premises contained levels of lead paint that were hazardous to the health and well being of the inhabitants.

16. Prior to renting to the plaintiffs and throughout the plaintiffs' residency at 128 Beech Street, 1st floor, Holyoke, Massachusetts, the defendants, Maurice Spear and Linda Spear, failed to inspect for and/or remove dangerous and illegal levels of lead in the paint, plaster and other accessible material in the premises.

17. Prior to renting to the plaintiffs and throughout the plaintiffs' residency at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts, the defendants, Maurice Spear, Linda Spear and Rosemary Charnley, individually and as Trustee of BJS Nominee Trust, failed to inspect for

and/or remove dangerous and illegal levels of lead in the paint, plaster and other accessible material in the premises.

18. Prior to renting the premises at 128 Beech Street, 1st floor, Holyoke, Massachusetts, to the plaintiffs and throughout the plaintiff's residency, the defendants, Maurice Spear and Linda Spear, failed to disclose to the plaintiffs the fact that dangerous levels of lead were present in said premises.

19. Prior to renting the premises at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts, to the plaintiffs and throughout the plaintiff's residency, the defendants, Maurice Spear, Linda Spear and Rosemary Charnley, individually and as Trustee of BJS Nominee Trust, failed to disclose to the plaintiffs the fact that dangerous levels of lead were present in said premises.

20. During the time that the plaintiffs resided at 128 Beech Street, 1st floor, Holyoke, Massachusetts, they suffered from lead poisoning.

21. During the time that the plaintiffs resided at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts, they suffered from lead poisoning.

22. As a direct, foreseeable, and immediate result of the defendants' conduct, the plaintiffs, Neisha Cintron and Luzmayra Heredia, were found to have high and dangerous levels of lead in their blood, requiring painful and repeated medical examinations, tests and treatments which have caused them and will continue to cause them past and present anxiety, mental distress and fear.

23. As a direct, foreseeable, and immediate result of the defendants' conduct, the plaintiffs, Neisha Cintron and Luzmayra Heredia, suffered injuries which have affected and retarded and which will continue to affect and retard their educational, social, vocational and intellectual development and which will result in diminished earning capacity over the course of

their lives. In addition, they have incurred and will incur medical and other expenses as a direct result of the defendants' conduct.

FIRST CLAIM:  Violation of Lead Paint Act (G.L. c. 111, secs. 190 et seq.

24. Plaintiffs reallege each of the allegations contained in paragraphs 1 through 23 above, and, incorporating them herein, states the defendants violated their duty pursuant to G.L. c. 111, secs. 190 et seq.

25. As a direct, foreseeable, and immediate result of these violations, the plaintiffs have suffered damages as stated in paragraphs 22 and 23 above.

26. Moreover, the defendants failed to satisfactorily correct or remove the dangerous lead paint conditions at the premises at 128 Beech Street, 1st floor, Holyoke, Massachusetts. The plaintiffs are therefore entitled, in addition, to recover punitive damages against the defendants, Maurice Spear and Linda Spear, pursuant to M.G.L. c. 111, sec. 199 in the amount of three (3) times the actual damages suffered by the plaintiffs.

27. Moreover, the defendants failed to satisfactorily correct or remove the dangerous lead paint conditions at the premises at 183 Suffolk Street, 1st floor, Holyoke, Massachusetts. The plaintiffs are therefore entitled, in addition, to recover punitive damages against the defendants, Maurice Spear, Linda Spear and Rosemary Charnley, individually and as Trustee of BJS Nominee Trust, pursuant to M.G.L. c. 111, sec. 199 in the amount of three (3) times the actual damages suffered by the plaintiffs.

SECOND CLAIM:  Interference with Quiet Enjoyment (G.L. c. 186, sec. 14)

28. Plaintiffs reallege each of the allegations contained in paragraphs 1 through 27 above, and, incorporating them herein, states that the defendants violated their statutory duty pursuant to G.L. c. 186, sec. 14.

21. As a direct, foreseeable, and immediate result of each of these violations, the plaintiff suffered damages as stated in paragraphs 22 and 23 above.

PRAYERS

WHEREFORE, the plaintiff prays that this Honorable Court:

1. Grant judgment for the plaintiffs and award damages under each claim as follows:

    a. Under Count One, award the plaintiffs all damages suffered as against the defendants, and for failing to satisfactorily correct or remove the lead paint hazards, award the plaintiffs an additional three times all damages suffered.

    b. Under Count Two, award the plaintiffs all damages suffered.

2. Award the plaintiff costs of this suit and attorney's fees pursuant to G.L. c. 186, sec. 14.

3. Grant whatever further relief this court deems just and proper.

Respectfully Submitted,
The Plaintiffs,
By Their Attorneys,

Dated: 5/12/04

Benjamin Hiller, Esquire
BBO #234660
Edmund P. Daley, Esquire
BBO #112500
MOQUIN & DALEY, P.A.
388 Commonwealth Avenue
Boston, MA 02215
(617) 536-0606

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

5/12/04

7

1

Volume I

Pages  1 - 88



COMMONWEALTH OF MASSACHUSETTS

Hampden, ss                Housing Court
                           No. 02CV0001

NEISHA MARIE CINTRON AND LUZMAYRA HEREDIA, PPA
OLGA HEREDIA
    Plaintiffs,


vs.


MAURICE SPEAR AND LINDA SPEAR
    Defendants.

            * * * * * * *

DEPOSITION of MAURICE SPEAR, called as a
witness by counsel for the Plaintiffs, pursuant to
the applicable provisions of the Massachusetts Rules
of Civil Procedure, before Terri Clarno,
Professional Court Reporter and Notary Public in and
for the Commonwealth of Massachusetts, taken at the
offices of Ducharme, Moriarty and Turcotte, 245 High
Street, Holyoke, Massachusetts, on Thursday, May 6,
2004, commencing at 10:23 a.m.




                LEGALINK Boston

```
                    DIRECT EXAMINATION
BY MR. HILLER:
    Q.  Can you state your name for the record,
sir, please, and spell your last name.
    A.  Maurice Spear, last name is S-P-E-A-R.
    Q.  Where do you live, Mr. Spear, please?
    A.  54 Pine Road Drive in South Hadley, Mass.
    Q.  How long have you lived there?
    A.  Since 1989.
    Q.  Is that a single-family house?
    A.  It's a condo.
    Q.  It's a condo?
    A.  Yes.
    Q.  Condo.  Do you own that place?
    A.  Yes.
    Q.  Who else lives there with you, sir?
    A.  Just my grandson.
    Q.  Is the property owned in your own name?
    A.  Yes.
    Q.  Are you currently married, sir?
    A.  Yes.
    Q.  What's your wife's name?
    A.  Kathy.
    Q.  Where does she currently reside?
```

1    A.  She resides on Granby Road. I'm not sure
2 of the number, in South Hadley.
3    Q.  Are you newly separated?
4    A.  No.
5    Q.  Does she own the property she lives in?
6    A.  No.
7    Q.  Do you know someone named Linda Spear?
8    A.  I don't know anybody by that name, no.
9    Q.  Do you know if Kathy Spear has ever been
10 known by the name of Linda?
11    A.  No.
12    Q.  How are you currently employed, sir,
13 please?
14    A.  Right now I just do renovations, property
15 management.
16    Q.  Are you self-employed or do you work for
17 some other entity for property management?
18    A.  I work for Enviroserv.
19    Q.  What's Enviroserv, please?
20    A.  Just do property management, right now;
21 maintenance.
22         MR. MORIARTY: For the record,
23 that's E-N-V-I-R-O-S-E-R-V.
24    Q.  Is Enviroserv a partnership or a