UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 OCT -8  P 4: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

NEISHA MARIE CINTRON and )
LUZMAYRA HEREDIA, ppa )
OLGA HEREDIA, )
     Plaintiffs )
v. )
      )
MAURICE SPEAR, LINDA SPEAR and )
ROSEMARY CHARNLEY, Individually )
And as Trustee of BJS Nominee Trust, )
     Defendants )
      )

CIVIL ACTION
NO: 04 12002 NMG

## DEFENDANT ROSEMARY CHARNLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

The Defendant, Rosemary Charnley, individually and as trustee (hereinafter referred to as Charnely) hereby opposes the Plaintiffs' Motion for Remand. As grounds, the Defendant states as follows:

1.) 28 USC sec. 1441(b) refers to "parties in interest properly joined". .

2.) Charnley has not been properly joined as a defendant in this action.

3.) The amended complaint establishes that the claims against Charnely do not arise from the same facts or transactions as the claims against the Spears. Nor do the claims against Charnley involve common questions of law or fact with those against the Spears.

4.) The Amended Complaint alleges lead poisoning and related injuries arising from the plaintiffs' tenancy on the Spears property from February, 1994 through June, 1995. *See Amended Complaint at paragraphs 6, 7, 10, 12, 14, 16, 20, 22 & 23.*

5.) The Amended Complaint then alleges a separate, subsequent, distinct and unrelated transaction and series of events in the plaintiffs' tenancy on Charnley's property, from June, 1995 through December, 1998. *Id. At paragraphs 8, 11, 13, 15, 17, 19, 21 & 23.*

6.) Because 28 USC sec. 1441( b) refers only to parties properly joined and because Charnley is not properly joined, this Court must perform a case specific analysis and review.

7.) This Court has discretion to exercise and retain jurisdiction in this case where Charnley, a citizen of the State of Maine is being sued by a Massachusetts citizen, in a Massachusetts Court. The overarching purpose of federal diversity jurisdiction is to afford such an out of state defendant an alternative forum. .

8.) The rule of complete diversity is not absolute and both Congress and the Federal Courts have found and made numerous exceptions and limitations thereto.

9.) Congress has enacted various provisions for jurisdiction based upon minimal diversity. . *See e.g. 28 U.S.C. § 1369, see also Multiparty, Multiforum Trial Jurisdiction Act of 2002, Pub. L. No. 107-273, § 11020(b)(1)(A), 116 Stat. 1758; see also 15 U.S.C. § 6614(c).*

10.)    28 U.S.C. § 1335 has been uniformly construed to require only "minimal diversity" that is, diversity of citizenship between two or more parries, without regard to the circumstance that other rival claimants may be co-

citizens. *See e.g. State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530-531 (1967).

11.)    Only minimal diversity is required in class actions. *See e.g.*, *Supreme Tribe of Ben-Hur v. Cauble*, 255 U.S. 356 (1921); *Snyder v. Harris*, 394 U.S. 332, 340 (1969).

WHEREFORE, the Defendant, Rosemary Charnley, respectfully requests that this Honorable Court deny the Defendants' Motion for remand.

By her attorney,

John J. Regan
BBO #544720
Dolan & Regan
10 Chestnut Street
Peabody, MA 01960-5404
Tel: (978) 538-9500

## CERTIFICATE OF SERVICE

I, John J. Regan, attorney for the Defendant, Rosemary Charnely in the above-entitled civil action, hereby certify that on October 8, 2004, I served the within DEFENDANT ROSEMARY CHARNLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND on the Plaintiffs by mailing a copy of same, postage prepaid, to her counsel-of-record, viz., Benjamin Hiller, Esq., Moquin & Daley, 388 Commonwealth Ave., Boston, MA.

John J. Regan

3